## JOSHUA HANNA *v.* ABRAM AUTER and others

The provision of the tenth section of the act of 28 March, 1840, abolishing imprisonment for debt, that the failure by a debtor " to pay over money received, or collected for, or deposited with him for another" shall be held presumptive evidence of fraud, cannot be applied to the case of a partner who has received and refuses to pay over money belonging to the partnership, and who is not liable for any specific sum, but only to account as a managing partner. It applies to those only who, having received money for another, without authority to dispose of it, fail to pay it over to the right owner.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *McHenry*, for the appellant.

*Micou*, for the defendant and appellee Auter.

MORPHY, J. The plaintiff has appealed from an order setting aside a writ of arrest obtained against the defendant Auter, under the act of assembly entitled " An act to abolish imprisonment for debt," approved March 28th, 1840. The suit was commenced by a seizure and sequestration of the steamboat Mazeppa, and all the books, money, and assets belonging to the said boat. The grounds for this proceeding, as set forth in the petition, were, that the defendant Auter, who had an interest only of one-eighth in the boat, one-half of which belonged to the petitioner and the balance to Dixon Birch and Peter Cockburne, had been placed in the command of the boat as Captain or Master, but with the understanding and agreement that the petitioner should place a clerk on board, whose duty it should be to act as chief clerk and book-keeper ; that from the time the Mazeppa began to run, the clerk whom the petitioner put on board continued to act and perform the duties, as such, up to the 15th of October, 1842, when the defendant Auter, without any just cause, illegally and violently ejected him from his office, and took the account books of the boat into his possession, together with the money and assets belonging to the same ; that although the boat has been doing a fair business from the time she began to run, the petitioner has never received one cent of her earnings, and has been refused any voice in the management of her by Auter, who has also refused to render any account of said earnings, which he was converting to his own use, &c. The petition concludes with a prayer that the defendant Auter may be decreed to render a strict account of the money made by the boat, from the time he took charge of her ; that he be ordered to pay to the plaintiff $5000 for his share of the same as half owner ; that a dissolution of the partnership existing between the several co-proprietors be pronounced ; and that the boat be sold for cash, &c. A few days after, a supplemental petition was filed, alleging that at the time of issuing the sequestration there was on hand in cash belonging to the boat $1619 09, exclusive of passage and freight money earned by her last trip to and from Vicksburg to this city, amounting to more than $1200, and that when the sheriff notified the defendant Auter, of the order put into his hands, to seize the Mazeppa, her books, money, &c., Auter delivered to that officer $300 in uncurrent Mississippi bank notes, declaring that there was no

Hanna v. Auter and others.

other money belonging to the boat than that so delivered; that notwithstanding that the sum of $2819 09, in the hands of the defendant Auter, or under his control at the time of the sheriff's demand, was the property of the owners of the boat Mazeppa, in which the defendant Auter held only an interest of one-eighth, he fraudulently concealed the same, and refused to surrender it to that officer, who was authorized to seize and sequester all the money and effects belonging to the boat. The supplemental petition, after other allegations not material to be stated, concludes by praying for orders of attachment and arrest against the defendant Auter, the latter of which orders was set aside as aforesaid, on the ground that the allegations, contained in the plaintiff's petitions and affidavits, presented no legal ground to justify the granting of the same.

The judge in our opinion, did not err. The 10th section of the act of 1840, should be strictly construed, as all penal statutes are, and should not be extended to cases not clearly coming within its purview. It provides in relation to a debtor who has not made a voluntary surrender of his property to his creditors, or has not been proceeded against for a surrender, that certain of his acts shall be held presumptive evidence of fraud, and among other acts or omissions, that of " failing to pay over money received, or collected for, or deposited with him for another ;" and the 13th section of this law pronounces an imprisonment, not exceeding three years, against any debtor found guilty of defrauding his creditors in any of the ways mentioned in the tenth section. To extend the above cited provision, to the present case, would be rendering it applicable to every one in which one person is authorized to call upon another for a settlement, or rendition of account. The defendant Auter, is not liable for any specific sum received by, or deposited with him, for the plaintiff's account. His obligation is to account as a managing partner. It may turn out that although he received the sums set forth in the supplemental petition, he owes no part of it to the petitioner, as the whole amount may have been rightfully employed by him in the payment of the debts and expenses of the boat. The law was intended for those persons who, having received money for another, and being without any authority to dispose of the same, should fail to pay it over to the rightful owner. Such a failure is declared to be presumptive

evidence of fraud, and authorizes the arrest of the debtor; but a partner, or any other person acting in a capacity which gives him the control and disposition of the funds received, cannot be considered as failing to pay them, until he has rendered an account of his administration, and the sum for which he is liable has been ascertained.

*Judgment affirmed.*